UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**Joe Hand Promotions, Inc.,**

    *Plaintiff,*

v.                                                 **Case No. 3:19-cv-012**
                                                      **Judge Thomas M. Rose**

**Renea D. Turner, et al.,**

    *Defendants.*

---

**ENTRY AND ORDER GRANTING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT, ECF 28, WITH REGARD TO AMOUNT OF AWARD, VACATING JUDGMENT, ECF 25, ENTERING AMENDED JUDGMENT AND TERMINATING CASE.**

---

Pending before the Court is Defendant Renea D. Turner's Motion to Vacate Default Judgment. ECF 28. Plaintiff has responded, ECF 29, and Defendant has filed a reply, ECF 30, rendering the matter ripe for decision.

On January 11, 2019, Plaintiff Joe Hand Promotions, Inc. filed a complaint alleging that Defendants, knowingly and willfully violated the Communications Act of 1934, as amended, 47 U.S.C. §553 or §605 and for copyright infringement under the copyright laws of the United States. (17 U.S.C. §101, *et seq*.). The Summons and Complaint in this action were served upon Defendants, on February 2, 2019. See ECF 14 and 15.

On March 4, 2020 Defendant Renea D. Turner filed a 12(b)(6) Motion to Dismiss. ECF 10. Turner's Motion attempted to move on behalf of herself and Defendant Infusion's Fine Dining

& Spirits LLC. Plaintiff filed their response to Turner's Motion to Dismiss on March 13, 2019. ECF 18. On April 22, 2019, the Court denied Turner's Motion to Dismiss. ECF 20.

After the denial of Turner's motion, Defendants failed to file an answer to the complaint, and default was entered against Defendants by the clerk on September 26, 2019. ECF 22. Default Judgment was entered in favor of Plaintiff against Defendants, on January 10, 2020 in the amount of $78.081.00. ECF 25. This amount reflected Plaintiff's request for $10,000.00 pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II), $20,000.00 pursuant to 47 U.S.C. § 605(e)(3)(C)(ii), for willful violation of 47 U.S.C. § 605(a); $15,000.00 pursuant to 17 U.S.C. §504(c)(1); $30,000.00 pursuant to 17 U.S.C. §504(c)(2), for willful violation of 17 U.S.C. §501; and $3,081.00 in attorney fees and costs pursuant to 47 U.S.C. §605(e)(3)(B)(iii) and 17 U.S.C. §505.[1] On April 30, 2020, Turner filed the instant Motion to Vacate Default Judgment. ECF 28.[2]

Rule 60(b) provides that a party may obtain relief from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

---

1 At Plaintiff's request, prejudgment interest accrued at 9% per year from August 26, 2017 on the entire $78,081, ECF 23-9, PageID 164, even though attorney fees and costs had not accrued by that date under any theory.

2 A corporation cannot be represented *pro se* in federal court. See *Peterson v. Sunderman*, 2010 WL 11520493 at *1 (E.D. Ky 2010). Renea D. Turner, cannot represent the corporate and partnership Defendants, as she is not an attorney. See *Clayton v. Heartland Resources, Inc.*, 2009 WL 10681153 at 1 (W.D. Ky 2009). As of this date, Defendants have not entered an appearance on behalf of the Corporate Defendant. Pursuant to *Ginger v. Cohn*, 426 F.2d 1385, 1386 (6th Cir. 1970), a non-licensed attorney is not authorized to make an appearance in federal court on behalf of the corporation. The Court, however, may, in its discretion, award the corporate entity the same relief it is awarding Turner.

>   (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>   (4) the judgment is void;
>   (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>   (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

Fed. R. Civ. Pro. 60(b).

Plaintiffs appear to seek relief pursuant to Rule 60(b)(1). The decision to grant relief under Rule 60(b) rests in the discretion of the district court. *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir. 1998). To obtain relief under Rule 60(b)(1), the Sixth Circuit places the burden on Defendants to establish that there was excusable conduct on their part: "That is because the rule mandates that a defendant cannot be relieved of a default judgment unless he can demonstrate that his default was the product of mistake, inadvertence, surprise, or excusable neglect. It is only when the defendant can carry this burden that he will be permitted to demonstrate that he also can satisfy the other two factors: the existence of a meritorious defense and the absence of substantial prejudice to the plaintiff should relief be granted." *Waifersong, Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992).

The Sixth Circuit has a "permissive stance in setting aside defaults." *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 326 (6th Cir. 2010). A defense is "meritorious" if it is "good at law." *$22,050*, 595 F.3d at 326 (quoting *Williams v. Meyer*, 346 F.3d 607, 614 (6th Cir. 2003)). The test is not whether a defense is likely to succeed on the merits; rather, the criterion is merely whether "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." Id. (quoting *Burrell v. Henderson*, 434 F.3d 826, 834 (6th Cir.2006)). Thus, even conclusory assertions may be sufficient to establish the "hint of a

3

suggestion" needed to present a meritorious defense. *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 843 (6th Cir. 2011). "Any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits." *United Coin Meter Co. v. Seaboard Coastline Railroad*, 705 F.2d 839, 846 (6th Cir. 1983). (internal quotation marks omitted).

Defendant claims to have moved, changing her mailing address and then did not receive Plaintiff's motion for default judgment, as it was mailed to Defendant's last known address. While Federal Rule 5, governing service of a written motion, requires service on counsel for represented parties and authorizes certain mechanics including "mailing ... to the person's last known address—in which event service is complete upon mailing," Fed. R. Civ. P. 5(b)(1) & (2)(C), there is no evidence Defendant had actual knowledge of the motion. There is a strong preference for reaching merits of cases, and there is a policy of granting *pro se* defendants a degree of deference.

Moreover, Defendant has pointed out that the award entered does not reflect the economic harm to Plaintiff. While this does not challenge liability, it does contest the amount of the award. "[Pro se Defendant] has met his burden of demonstrating a possibly meritorious defense, and the prejudice element also does not tilt strongly toward [Plaintiff]. Furthermore, even if there were some culpability on [Pro se Defendant]'s part, there is no evidence to support an 'intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings,' particularly given his status as a *pro se* defendant." *Shepard Claims Service, Inc. v. William Darrah & Asso.*, 796 F.2d 190, 194 (6th Cir. 1986).

Even where, as here, default judgment is supported and appropriate as to liability, "[w]here damages are unliquidated ... the amount of damages must be proved." *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) (quoting *Fehlhaber v. Fehlhaber*, 681 F.2d 1015, 1026 (5th

4

Cir. 1982) (*en banc*). *Joe Hand Promotions, Inc. v. Pat's Snack Bar*, LLC, No. 6:19-CV-67-REW, 2020 WL 1923178, at *3 (E.D. Ky. Apr. 21, 2020). See also *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 844 (6th Cir. 2011) ("The balance of those factors is thus insufficient to support the district court's refusal to set aside the entry of default."). Thus, Defendant's motion will be granted with regard to the amount of the award.

While Plaintiff alleges violations of the Communications Act of 1934 under §§ 605(a) or 553(a), 47 U.S.C. §§ 553 and 605, courts have held that when a defendant is liable under both sections, a plaintiff may recover under only one section. See *J & J Sports Prods., Inc. v. Holbrook*, No. 17-11312, 2018 WL 4688934, at *2 (E.D. Mich. Sept. 28, 2018) (citations omitted). Section 605(a) of the act provides:

> [N]o person receiving, assisting in receiving, transmitting, or assisting in transmitting, any interstate or foreign communication by wire or radio shall divulge or publish the existence, contents, substance, purport, effect, or meaning thereof, except through authorized channels of transmission or reception ... to any person other than the addressee, his agent, or attorney....

47 U.S.C. § 605(a). This section applies to satellite transmissions. See *Macomb Video Cipher II*, 985 F.2d 258, 260 (6th Cir. 1993).

Where a defendant's default prohibits discovery on whether the broadcast was intercepted over cable (§ 553) or satellite (§ 605), courts allow recovery under § 605. See *Joe Hand Promotions, Inc. v. Chapman*, No. 2:15-CV-460, 2016 WL 3881121, at *1 (N.D. Ind., Jul. 18, 2016); *Joe Hand Promotions, Inc. v. L.A. Moon LLC*, No. 12-CV-446-WMC, 2013 WL 633572, at *1 (W.D. Wis. Feb. 20, 2013) (allowing recovery under Section 605 in the absence of evidence that defendant in default intercepted plaintiff's broadcast over satellite); *Time Warner Cable v. Googies Luncheonette, Inc.*, 77 F. Supp. 2d 485, 489 (S.D.N.Y. 1999) ("Where a

5

defendant is liable under both § 553 and § 605, a plaintiff is entitled to have damages awarded under 605 which provides greater recovery."); *G & G Closed Cir. Events, LLC v. Aguirre*, No. 3:14-CV-1884, 2017 WL 2504995, at *2 (N.D. Ind. June 8, 2017).

Pursuant to § 605, "the party aggrieved may recover an award of statutory damages for each violation of subsection (a) involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just," 47 U.S.C. §605(e)(3)(C)(i)(II). The Sixth Circuit has adopted a three-part test to determine whether the defendant has violated § 605(a). *Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 914–917 (6th Cir. 2001).

Courts look to whether (1) the plaintiff had a propriety interest in the communication; (2) the defendant intercepted that communication; and (3) the defendant unlawfully divulged the communication to its patrons. Id.; see also *Holbrook*, 2018 WL 4688934, at *3. Here, the Court finds that Plaintiff has sufficiently demonstrated that it has a valid § 605(a) claim. First, the Commercial Licensing Agreement proves that Plaintiff had a propriety interest in the broadcast of the fight. Second, Defendants intercepted the broadcast of the fight on August 26, 2017. Third, the broadcast of the fight was displayed to Defendants' patrons without Plaintiff's consent.

The Court also determines that Defendant Renea Turner can be held vicariously liable in the instant matter. A defendant can be held liable in his individual capacity for a violation under § 605(a) if he had "the right and ability to supervise the violation." *Holbrook*, 2018 WL 4688934, at *3; *G & G Closed-Circuit Events, LLC v. Macedonian Enterprises, Inc.*, No. 14-12982, 2015 WL 3679863, at *2 (E.D. Mich. June 12, 2015) (citation omitted).

Where, as here, a violation of Section 605 has occurred, plaintiff is entitled to elect statutory or actual damages. 47 U.S.C. § 605(e)(3)(C)(i). In this instance, plaintiff seeks statutory damages

pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) and enhanced damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii). Section 605 provides for penalties "for each violation of subsection (a) of this section ... in a sum of not less than $1,000 or more than $10,000, as the court considers just...." 47 U.S.C. § 605(e)(3)(C)(i)(II). Plaintiff requests that any inquest to determine the amount of damages be by affidavits already submitted. Doc. 23-1, PageID 93. This request will be granted.

The affidavits show that an investigator saw a Facebook advertisement that the Floyd Mayweather Jr. v. Connor McGregor fight on August 26, 2017 would be shown at Defendant's premises for a "pre-Grand Opening" event. The ad also mentioned football broadcasts. The business is now defunct.

The investigator observed eighteen television sets, exhibiting the broadcast to patrons in an establishment with an estimated capacity of more than 201. The auditor estimated approximately seventy patrons were inside the establishment at the time of the exhibition.[3] No entrance fee was charged. Doc. 23-4, PageID 120. There were chalkboard advertisements inside and out. Doc. 23-4, PageID 120.

Turner points out that, on the night in question, no fee was charged to enter. Doc. 10, PageID 40. While that does not mean that the copyright owner was not deprived of fees that viewers at Defendants' premises would have paid to watch at home, it does affect this Court's judgment regarding a fair award. See *Video Cafe, Inc. v. De Tal*, 961 F. Supp. 23, 27 (D.P.R. 1997) (awarding $14,000 judgment where defendant charged no entrance fee to twenty persons watching

---

3 This estimation seems generous; the Court counts twelve individuals in still photos. Doc. 23-4, PageID 125-27. Nevertheless, as it is uncontradicted, it is accepted as true.

on a single television set in an establishment of roughly 30 feet by 10 feet fairly punishes this defendant and compensates the plaintiffs).

In comparable cases, this Court has awarded statutory damages ranging from $500 to $25,000. *Joe Hand Promotions, Inc. v. Hughes*, No. 2:12-CV-449, 2012 WL 13018437, at *3 (S.D. Ohio Nov. 16, 2012). Many courts have tied the § 605(e)(3)(C)(i)(II) amount decision to the claimant's loss. *See, e.g., Joe Hand Promotions, Inc. v. Williams*, No. 3:07-CV-406, 2010 WL 341513, at *2 (W.D. Ky. Jan. 22, 2010) ("the cost of the license for a bar of their size would have been $700 ... The court therefore finds that the base amount of damages to be awarded is most appropriately fixed at the lowest end of the scale—at $1,000."); *Joe Hand Promotions, Inc. v. Pickett*, No. 5:15-CV-478, 2016 WL 3668162, at *3 (N.D. Ohio July 11, 2016) (awarding base statutory damages equal to the applicable licensing fee); *J & J Sports Prods., Inc. v. Zambrano*, No. 4:14-CV-960, 2015 WL 3682588, at *5 (N.D. Ohio June 12, 2015) (calculating statutory damages "based on what would have been a proper licensing fee"); *Joe Hand Promotions, Inc. v. McBroom*, No. 5:09-CV-276(CAR), 2009 WL 5031580, at *4 (M.D. Ga. Dec. 15, 2009) ("award[ing] statutory damages in an amount equal to the license fee Defendants would have paid if [they] had legally purchased the right to exhibit the Program"); *Joe Hand Promotions, Inc. v. Willis*, No. 5:08 CV 2786, 2009 WL 369511, at *2 (N.D. Ohio Feb. 11, 2009) (basing statutory damages on lost licensing fee). *Joe Hand v. Marlatt*, 2:19-cv-977 (Docs. 1, 10-4, 10-2, 11) (S.D. Ohio 2019) (Smith, J.) ($1,000 in statutory damages. $3,000 in enhanced statutory damages where 31 to 42 people paid $10.00 cover charge to watch Khabib v. McGregor fight on October 6, 2018 in a venue with a capacity of 85). The Court is persuaded that this approach is reasonable, logical, and grounded in ample authority. *See also Nat'l Satellite Sports, Inc.*, 253

F.3d at 918 (analyzing base statutory damage award propriety in terms of the licensing fee that the claimant lost and investigative and administrative costs the claimant incurred in addressing the piracy incident).

In this instance, Voodoo Moon had an estimated capacity of 201. Plaintiff has provided evidence that it would charge a rate of $8,200 to allow broadcast in a venue of this size. Doc: 23-4, PageID 113. This is a fair approximation of economic damages.

Plaintiff also seeks enhanced statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii), which provides for additional awards of up to a maximum of $100,000 for all willful violations. The statute permits enhanced damages where the violation was committed willfully and for purposes of private financial gain or commercial advantage. Given that the establishment is out of business, the Court finds an equal award of enhanced damages to be adequate. Compare *Joe Hand Promotions, Inc. v. Pat's Snack Bar, LLC,* No. 6:19-CV-67-REW, 2020 WL 1923178, at *4–5 (E.D. Ky. Apr. 21, 2020) (awarding $2,364 in statutory damages, plus $6,000 in enhanced damages where a bar with a maximum capacity at 50 people, the licensing fee for this establishment would have been $788, the bar was at half-capacity during the broadcast, there was no cover charge); *J & J Sports Prods., Inc. v. Saylis Hookah Lounge & Cafe, LLC*, No. 1:18-CV-488, 2018 WL 6421292, at *2 (W.D. Mich. Nov. 19, 2018), *report and recommendation adopted*, No. 1:18-CV-488, 2018 WL 6416347 (W.D. Mich. Dec. 6, 2018) (awarding $30,000 in enhanced damages where there was "a $10 cover was charged at the business and the business remained at or near capacity all night"); *J & J Sports Prods., Inc. v. Palumbo*, No. 4:12-CV-2091, 2012 WL 6861507, at *4 (N.D. Ohio Dec. 12, 2012), *report and recommendation adopted*, No. 4:12-CV-2091, 2013 WL 162489 (N.D. Ohio Jan. 15, 2013) (awarding statutory damages in

the amount of $2,200 and an enhanced damages award of $4,400, where 50 patrons were present in a 75-person establishment, but there was no evidence that the establishment charged admission, increased prices, or advertised the broadcast in the bar on the evening of the signal interception); *Joe Hand Promotions, Inc.*, 2009 WL 369511, at *2 (declining to enhance damages where the 55-person establishment was only one-third full and there was no doorperson or cover charge); *Joe Hand Promotions Inc.*, 2010 WL 3931108, at *3 (declining to enhance damages where there were only 15 patrons in an establishment with 60-person capacity and there was no doorperson or cover charge); *J & J Sports Prod., Inc.*, 2010 WL 4105663, at *3 (declining to enhance where the 60-person bar had only 22 guests, there was no cover charge, and the bar had only one television); *Joe Hand Promotions, Inc. v. Garcia*, 546 F. Supp. 2d 383, 386 (W.D. Tex. 2008) (awarding $2,625 in statutory damages and $10,000 in enhanced damages where 65–80 watched a fight for which Plaintiff would have charged $875).

Plaintiff is also pursuing an award for violation of its copyright. "[A]n infringer of copyright is liable for either the copyright owner's actual damages and any additional profits of the infringer ... or statutory damages." 17 U.S.C. § 504(a). "[T]he copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, ... in a sum not less than $750 or more than $30,000 as the court considers just." Id. § 504(c)(1). "[W]here the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." Id. § 504(c)(2).

Plaintiff here has elected to recover statutory damages. Plaintiff requests that the Court

award Plaintiff $45,000 on its claim under the Copyright Act, which represents $15,000 in statutory damages and an additional $30,000 as an increased award for the willful violation. ECF 23-5, PageID 153.

The award of statutory damages under the Communications Act does not preclude recovery under the Copyright Act. See *HBO v. Champs of New Haven, Inc.*, 837 F. Supp. 480, 484 (D. Conn. 1993). Ultimately, however, it is the Court's obligation to enter an award that it "considers just." 17 U.S.C. § 504(c)(1). Thus, "district courts 'have broad discretion in setting the amount of statutory damages within the minimum and maximum amounts prescribed by the Copyright Act.'" *Arclightz & Films Pvt. Ltd. v. Video Palace Inc.*, 303 F. Supp. 2d 356, 362 (S.D.N.Y. 2003) (quoting *National Football League v. PrimeTime 24 Joint Venture*, 131 F. Supp. 2d 458, 472 (S.D.N.Y. 2001)).

The Court concludes that it would not be just to award Plaintiff its requested $45,000 in damages under the Copyright Act because such an award would be demonstrably excessive in light of the statutory damages the Court is already awarding under the Communications Act and the lack of allegations or evidence of "substantial unlawful monetary gains by the defendants or ... any significant actual damages to the plaintiff." *HBO v. Champs of New Haven, Inc.*, 837 F. Supp. at 484 (reducing a combined statutory damages award for violations of the Copyright Act and the Communications Act from $250,000 to $10,000). Under the circumstances presented here, the Court exercises its discretion to award of $2,700 in statutory damages under 17 U.S.C. § 504(c)(1), and an additional $5,500 in damages be awarded under 17 U.S.C. § 504(c)(2) for Defendants' willful violation. *Premium Sports, Inc. v. Mendes*, No. 17-CV-1309, 2018 WL 2078488, at *9–10 (E.D.N.Y. Mar. 1, 2018)

As regards Plaintiff's request for attorney fees, § 605 orders that courts "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii). The Copyright Act similarly provides for fees and costs to be awarded. 17 U.S.C. §505. Plaintiff Joe Hand Promotions has submitted an affidavit from counsel claiming $1,300.00 in attorney's fees and $350.00 in costs. ECF 23-1, PageID 101. Additionally, Plaintiff spent $750.00 for an auditing fee, $400.00 for filing fees, and $457.50 for service fees. ECF 23-5, PageID 151. The Court finds that an award in these amounts is reasonable. The costs and attorneys' fees appear reasonable per the record and Plaintiff is statutorily entitled to recover. See *Joe Hand Promotions, Inc. v. Wigglesworth*, No. 5:19-CV-082, 2020 WL 5580157, at *4 (E.D. Ky. Aug. 18, 2020). These amounts total $3,257.50, and the Court will award this amount in attorney's fees and in costs.

Because Defendant has done more than merely raise the possibility of a different outcome, *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 326 (6th Cir. 2010), the Court **GRANTS** Defendant Renea D. Turner's Motion to Vacate Default Judgment, ECF 28, with regard to the amount of the award. Having reviewed the evidence before the Court, the Court **ORDERS** Defendants to pay Plaintiff: for violation of the Communications Act of 1934 $8,200 in statutory damages, plus $8,200 in enhanced damages; for violations of the Copyright Act, $2,700 in statutory damages, and an additional $5,500 for willfulness. An additional $3,257.50 in attorney fees and costs bring the total award to $27,857.50.[4] The instant case is again **TERMINATED** from the dockets of the Southern District of Ohio, Western District at Dayton.

---

4 The award not having derived from a sum certain, pre-judgment interest is not awarded.

**DONE** and **ORDERED** in Dayton, Ohio, on Tuesday, April 13, 2021.

s/Thomas M. Rose

---------------------------------------
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE